UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARTIN FLORES,                                    CASE NO.  97-808-CR-DIMITROULEAS

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

_____/

### ORDER DENYING MOTION TO DISMISS; MOTION FOR STATUS

_____THIS CAUSE having been heard upon Petitioner's (Flores) December 20, 2007 Motion to Dismiss. [DE-333], and his April 14, 2008 Motion for Status [DE-334], and the Court having reviewed the Court files, having reviewed the trial transcript and having presided over the trial and sentencing in this case, finds as follows:

1. On November 12, 1997, Flores and Co-Defendant, Alexander Ramirez, were indicted and charged along with Daniel Sayers (Juan Valdivera a/k/a Indio), Ramon Villa (Mono) and Joel Viera with Conspiracy to Possess with Intent to Distribute Cocaine. [DE-13].

2. On May 22, 1998, the Government filed its Notice of Enhancement under 21 U.S.C. § 851, [DE-129], alleging that Flores had a prior drug trafficking conviction in case number 94-20530D in the Circuit Court of the Eleventh Judicial Circuit of Florida, thus raising the minimum sentence to twenty (20) years in prison.

3. On June 1, 1998, this case was re-assigned to the undersigned Judge. [DE-134].

4. On June 12, 1998, Flores and Ramirez were both found guilty after a jury trial. [DE-151].

1

5.  On September 10, 1998, Flores was sentenced to twenty (20) years in prison. [DE-199].  It was a mandatory sentence both because of the amount of drugs involved and because of a prior drug trafficking conviction. [DE-227, p. 15].

6.  On April 25, 2001, the Eleventh Circuit Court of Appeals affirmed. [DE-308].  United States v. Flores, 254 F. 3d 73 (11th Cir. 2001).  Rehearing was denied on November 3, 2001.  United States v. Flores, 277 F. 3d 1381 (11th Cir. 2001).  The United States Supreme Court denied certiorari on October 7, 2002.  Flores v. United States, 123 S. Ct. 158 (2002).

7.  Flores filed a timely motion to vacate on September 29, 2003, [DE-1 in 03-22620-CIV-Dimitrouleas], alleging an illegal sentence and Ineffective Assistance of Counsel for:

    A.     Failing both to investigate Flores' case and to confer with him.

    B.     Failing to advise Flores on whether to plea guilty.

    C.     Failing to advise Flores of a difference in sentencing after a trial.

    D.     Failure to request a downward departure for minor role.

    E.     Failure to request jury instructions on venue, buyer-seller, and agents not being co-conspirators.

    F.     Failure to have a defense strategy.

    G.     Threatening Flores that if he testified that he would withdraw from the case.

    H.     Abdicating his defense to counsel for Co-Defendant Ramirez.

8.  On October 17, 2003, this Court denied the Motion to Vacate [DE-316].  On January 8, 2004, the Eleventh Circuit Court of Appeals dismissed the appeal. [DE-9 in 03-22620-CIV-Dimitrouleas].

9.  On August 3, 2005, Flores complained that his sentence was improperly enhanced

based upon a prior conviction that was not final and based upon aggravating factors not charged in the indictment, nor proven beyond a reasonable doubt.  Flores relied upon Rule 60(b)(6), Fed. R. Civ. Proc. for authority to grant him relief.. [DE-317].  This Court denied relief on August 15, 2005.

10.  In this latest collateral attack, Flores complains about a lack of jurisdiction.  His claim lacks merit.

Wherefore, Defendant's Motion to Dismiss [DE-333] is Denied.  The Motion For Status [DE-334] is Denied as Moot..

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of June, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Martin Flores, Pro Se
Reg. No.  57938-004
c/o Lompoc USP
3901 Klein Boulevard
Lompoc, CA 93436

David Weinstein, AUSA

4